# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Wade Rankins, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| City of Chicago, Chicago Police Sergeant ) | |
| Michael Poppish, Star No. 1109, and ) | **JURY DEMANDED** |
| Chicago Police Officers, Dennis Lanning, ) | |
| Star No. 11945, and Daniel Passarelli, ) | |
| Star No. 11574, ) | |
| | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Wade Rankins ("Rankins") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Sergeant Michael Poppish, Star No. 1109, ("Poppish") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

5.	At all times herein mentioned, Defendant City of Chicago Police Officer Dennis Lanning, Star No. 11945, ("Lanning") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

6.	At all times herein mentioned, Defendant City of Chicago Police Officer Daniel Passarelli, Star No. 11574, ("Passarelli") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

7.	At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

8.	On or about August 8, 2015, Plaintiff was lawfully located near 653 West 61st Street, Chicago, Illinois.

9.	On that day and place Defendants Poppish, Lanning, and Passarelli arrested Plaintiff.

10.	The arrest of Plaintiff was without legal cause.

11.	There was no outstanding arrest warrant for Plaintiff.

12.	Plaintiff was transported to a police station where she was imprisoned.

13.	On or about August 8, 2015, Defendants caused false criminal charges to be brought against Plaintiff that resulted in plaintiff being prosecuted for seven separate criminal offenses.

14. On July 26, 2016, Plaintiff was found not guilty of all charges.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Popish, Lanning, and Passarellli for
### UNREASONABLE SEIZURE

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. By reason of the conduct of the individual Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

20. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the arrest of Plaintiff was

without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Poppish, Lanning, Passarelli, and the City of Chicago For The Supplemental Claim Of MALICIOUS PROSECUTION

21. Plaintiff incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

22. Defendants Poppish, Lanning, and Passarelli caused a criminal prosecution to commence and/or continue against Plaintiff.

23. Poppish, Lanning, and Passarelli, police officers employed by the City of Chicago, maliciously commenced and/or caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

24. Poppish, Lanning, and Passarelli initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

25. The criminal proceedings were terminated in the plaintiff's favor on July 26, 2016.

26. The City of Chicago is liable to Plaintiff for the acts of Poppish, Lanning, and Passarelli pursuant to the doctrine of *respondeat superior*.

27. Therefore, Poppish, Lanning, and Passarelli and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Garrett Browne
ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Garrett Browne
                ED FOX & ASSOCIATES, Ltd.
                Attorneys for Plaintiff
                300 West Adams
                Suite 330
                Chicago, Illinois 60606
                (312) 345-8877
                gbrown@efox-law.com