**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Wade Rankins, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17 CV 741 |
| | ) | |
| v. | ) | |
| | ) | **JUDGE CHANG** |
| City of Chicago, Chicago Police Sergeant | ) | |
| Michael Poppish, Star No. 1109, and | ) | |
| Chicago Police Officers, Dennis Lanning, | ) | |
| Star No. 11945, and Daniel Passarelli, | ) | |
| Star No. 11574, | ) | |
| | | |
| Defendants. | | |

## PRETRIAL ORDER

1.    *Jurisdiction.* The basis for federal jurisdiction for Count I of the complaint (Unreasonable Seizure) is federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Count II of the complaint (Malicious Prosecution) pursuant to 42 U.S.C. §1367.  The Court's jurisdiction is not in dispute.

2.    *Trial Attorneys.*  Plaintiff's trial attorneys are:

> a. Garrett Browne, ED FOX & ASSOCIATES, Ltd., Suite 330, 300 W. Adams, Chicago, IL. 60606; (312) 345-8877; gbrowne@efoxlaw.com
>
> b. Ed Fox, ED FOX & ASSOCIATES, Ltd., Suite 330, 300 W. Adams, Chicago, IL. 60606; (312) 345-8877; efox@efoxlaw.com

Defendants' trial attorneys are:

> a.    Caroline Fronczak
>    Chief Assistant Corporation Counsel
>    City of Chicago, Department of Law
>    30 N. LaSalle, Suite 900
>    Chicago, IL 60602
>    (312)744-5126 tel
>    (312)744-6566 fax
>    caroline.fronczak@cityofchicago.org

b.     Iris Y. Chavira
Assistant Corporation Counsel
City of Chicago, Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312)744-9602 tel
(312)744-6566 fax
iris.chavira@cityofchicago.org

c.     Mark Winistorfer
Assistant Corporation Counsel
City of Chicago, Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312)744-6905 tel
(312)744-6566 fax
mark.winistorfer@cityofchicago.org

3.    *Case Statement*.  Plaintiff, Wade Rankins, was arrested on August 8, 2015 by Defendants Michael Poppish, Daniel Passarelli, and Dennis Lanning who are all Chicago Police Officers.  As a result of his arrest Plaintiff was prosecuted for multiple criminal charges. Plaintiff was found not guilty of all charges. Plaintiff claims that Defendants did not have probable cause for his arrest, and that their actions subjected him to a malicious prosecution. Defendants deny all of Plaintiff's allegations, and they deny that Plaintiff is entitled to damages.

4.    *Trial Length / Number of Jurors*.  The parties estimate that the trial of this matter will take four (4) days.  The parties propose the following time limits:
    a. Opening Statement: 20 minutes;
    b. Closing Argument: 45 minutes;
    c. Total number of hours of witness examination per side: Plaintiff <u>16</u> hours;
        Defendants <u>8-10</u> hours;[1]
    d. Recommended number of jurors: eight (8).

5.    *Stipulations and Uncontested Facts*.

1.    Plaintiff was arrested on August 8, 2015, in the City of Chicago.

2.    Defendants Poppish, Lanning, and Passarelli all participated in Plaintiff's arrest.

3.    Plaintiff's criminal trial ended on July 26, 2016.

4.    Plaintiff was found not guilty on all charges.

---

[1] The parties' time estimate is based upon the assumption that the Defendants will only be called to the witness stand once unless they are re-called to offer rebuttal testimony.

5.    Plaintiff was incarcerated from the day of his arrest through and including

the day of his acquittal.

6.    Plaintiff Wade Rankins did not possess a FOID card at the time of his
arrest.

7.    Plaintiff Wade Rankins did not possess an Illinois Concealed Carry
License at the time of his arrest.

6.    *Witness Description Lists.*

Plaintiff <u>will</u> call the following witnesses:

1.    Wade Rankins – Mr. Rankins is the Plaintiff.  He has knowledge relating
to his arrest, prosecution, and damages.

2.    Larita Warmack – Ms. Warmack is an acquaintance of Plaintiff. Ms.
Warmack witnessed Plaintiff's arrest.

3.    Khadijra Williams – Ms. Williams is an acquaintance of Plaintiff. Ms.
Williams witnessed Plaintiff's arrest.

4.    Brandie Hill – Ms. Hill is Plaintiff's girlfriend. Ms. Hill witnessed some
of what occurred during Plaintiff's arrest.

5.    Pamela Schaffrath – Ms. Schaffrath is an Evidence Technician in the
Chicago Police Department's firearms lab.  Ms. Schaffrath examined
the handgun Defendants claim to have recovered from Plaintiff. After
examining the gun she concluded that it was inoperable as received and
documented her findings in a report.

6.    Michael Poppish – Mr. Poppish is a Defendant.  He arrested Plaintiff,
created police reports related to that arrest, and sought the criminal
prosecution of Plaintiff.

7.    Daniel Passarelli – Mr. Passarelli is a Defendant.  He arrested Plaintiff,
created police reports related to that arrest, and sought the criminal
prosecution of Plaintiff.

8.    Dennis Lanning – Mr. Lanning is a Defendant.  He arrested Plaintiff,
created police reports related to that arrest, and sought the criminal
prosecution of Plaintiff.

9.    Beth Svec – Ms. Svec is a Detective with Chicago Police Department. She

relied upon information provided by Defendants to request that
a Cook County State's Attorney approve felony charges against
Plaintiff.

Plaintiff may call the following witnesses:

10.    Laura Leahy – Ms. Leahy is a Cook County Assistant State's Attorney.
She approved felony charges against Plaintiff as part of
the felony review process.

11.    Tara Pease-Harkin – Ms. Pease-Harkin is a Cook County Assistant
State's Attorney. She was the prosecuting attorney at
Plaintiff's criminal trial.

Defendants will call the following witnesses:

1.    Defendant Sgt. Michael Poppish - arrested Plaintiff on August 8, 2015. He
will testify regarding his encounter with Plaintiff on August 8, 2015, all
his actions, why he took those actions, the reasons why he did not take
certain actions, his observations, conversations he had or heard, details
following the transport and arrest of Plaintiff, and some information set
out in various Chicago Police Department documents bearing RD#
HY374072 produced to Plaintiff in discovery. Defendant Poppish may
also testify as to his personal assets and liabilities should Plaintiff seek an
award of punitive damages.

2.    Defendant Officer Dennis Lanning - arrested Plaintiff on August 8, 2015.
He will testify regarding his encounter with Plaintiff on August 8, 2015,
all his actions, why he took those actions, the reasons why he did not take
certain actions, his observations, conversations he had or heard, details
following the transport and arrest of Plaintiff, and some information set
out in various Chicago Police Department documents bearing RD#
HY374072 produced to Plaintiff in discovery. Defendant Lanning may
also testify as to his personal assets and liabilities should Plaintiff seek an
award of punitive damages.

3.    Defendant Officer Daniel Passarelli - arrested Plaintiff on August 8, 2015.
He will testify regarding his encounter with Plaintiff on August 8, 2015,
all his actions, why he took those actions, the reasons why he did not take
certain actions, his observations, conversations he had or heard, details
following the transport and arrest of Plaintiff, and some information set
out in various Chicago Police Department documents bearing RD#
HY374072 produced to Plaintiff in discovery. Defendant Passarelli may
also testify as to his personal assets and liabilities should Plaintiff seek an
award of punitive damages.

Defendants <u>may</u> call the following witnesses:

1.  Plaintiff Wade Rankins - has knowledge and information regarding the allegations made in his operating complaint as well as any damages he claims arise therefrom.

2.  Detective Beth Svec - will testify regarding her experience as a Chicago police officer and detective, her investigation of the occurrence that is the subject of this lawsuit, her interview with Plaintiff, any statements made by Plaintiff, all of her actions relating to the investigation of the occurrence that is the subject of this lawsuit, why she took those actions, the reasons why she did not take certain actions, her observations, conversations she had or heard, and some information set out in various Chicago Police Department documents bearing RD# HY374072 produced to Plaintiff in discovery.

3.  Evidence Technician Pamela Schaffrath - will testify regarding her duties and experience as a Chicago police officer and as an evidence technician for the Chicago Police department, her receipt of the firearm under RD# HY374072, her examination of the firearm recovered under RD# HY374072, all of her actions relating to the investigation and examination of the firearm recovered under RD# HY374072, why she took those actions, the reasons why she did not take certain actions, her observations, conversations that she had or heard, and some information set out in various Chicago Police Department documents bearing RD# HY374072 produced to Plaintiff in discovery.

4.  Assistant State's Attorney Laura Leahy - will testify regarding her professional background including her education, training, and professional experience as well as her duties as a Cook County States' Attorney assigned to the Felony Review Unit. She will testify as to her involvement with the prosecution of Plaintiff. She will testify as to all aspects of her involvement with the prosecution of Plaintiff and her knowledge and understanding of the law as it applied to Plaintiff's criminal case and charges. She will also testify as to her decision to approve felony charges as to Plaintiff and her professional decision to do so. She will also testify as to any and all records as it relates to Plaintiff's arrest and prosecution including documents contained in the State's Attorney file which she authored and/or relied upon in making her decision to approve felony charges against Plaintiff, including, but not limited to the court file for the Circuit Court of Cook County, court transcripts from the official Cook County court reporters, and all matters contained in her deposition.

5.  Assistant State's Attorney Tara Pease-Harkin - will testify regarding her professional background including her education, training, and professional experience as well as her duties as a Cook County State's Attorney. She will testify as to her involvement with the prosecution of Plaintiff. She will testify as to all aspects of her involvement with the prosecution of Plaintiff

and her knowledge and understanding of the law as it applied to Plaintiff's criminal case and charges. She will also testify regarding all aspects of Plaintiff's criminal bench trial including her decision to try the case, and call or not call certain witnesses at trial. She will also testify as to any and all records as it relates to Plaintiff's arrest and prosecution including documents contained in the State's Attorney file, court file for the Circuit Court of Cook County, court transcripts from the official Cook County court reporters, and all matters contained in her deposition.

7. *Exhibits and Exhibit Charts*.  The parties' exhibit lists are attached.

8. *Deposition Designations*.  The parties do not anticipate introducing a witness's testimony via deposition.

9. *Damages Itemization.*  Plaintiff is seeking compensatory damages for emotional distress caused by his arrest, prosecution, and incarceration for eleven (11) months. Plaintiff is also seeking punitive damages against the individual defendants.

10. *Motions in limine.*

a. Plaintiff's motions *in limine* are as follows:

1. Barring any questions regarding Plaintiff's sources of income, financial condition, or personal debt;

2. Barring questions about any other arrests or convictions of Plaintiff;

3. Barring Allegations of prior bad acts by Plaintiff;

4. Barring any argument that an adverse verdict will cause Defendants any emotional distress, embarrassment, or will lead to any form of punishment;

5. Barring any questions or arguments related to Plaintiff possessing marijuana;

6. Barring Defense attorneys from suggesting that individual Defendants will be personally responsible for paying

compensatory damages.

7.     Barring Defense attorneys from referring to any exhibit objected to

by Plaintiff during opening statements;

8.     Barring any reference to any other litigation, lawsuits, or frivolous

lawsuits.

9.     Barring any questions to Assistant State's Attorneys regarding

their opinions as to Plaintiff's guilt and opinions as to whether

Defendants were truthful.

10.    All non-party witnesses be excluded from the courtroom;

11.    Barring questions about any other arrests or convictions of any

witness.

b. Defendants' motions *in limine* are as follows:

1.     Bar References to Other Publicized Events Concerning Allegations
of Police Misconduct

2.     Bar Any Testimony, Evidence, Argument, or Innuendo That Any
Non-Defendant Police Officers Engaged in Misconduct

3.     Bar Any Evidence of Suggestion That the City Improperly Trains,
Disciplines or Investigates Misconduct of Officers or Has
Improper Policies and Procedures

4.     Bar Evidence of, Including, but Not Limited to, Civilian
Complaints, Lawsuits, Employee or Other Disciplinary
Proceedings, Pending or Past Claims against the Chicago Police
Personnel

5.     Bar Testimony or Evidence Regarding Indemnification by the City
of Chicago

6.     Bar Any Reference to Punishing or Sending a Message to the City

7.     Bar Any Implication or Testimony That Chicago Police
Department Personnel Are Being Paid By the City to Appear in

Court and Testify And that They Spent Time with an Attorney to Prepare For Trial

8. Bar Any Testimony or Argument Regarding Settlement

9. Bar the Attorneys or Parties from Conferring or Speaking With Any Witness Regarding the Substance of Their Testimony While That Witness Is Still Under Oath to Provide Sworn Testimony

10. Bar Argument That Defendants Delayed the Trial or That the Plaintiff Has Waited a Long Time for Trial

11. Remove the City of Chicago as a Named Trial Defendant

12. To Admit Plaintiff's Prior Felony Convictions and Parole Status at the Time of His Arrest and Prosecution

13. Bar Any Evidence or Argument that Any Defendant Violated Any Internal Directive or Policy of the Chicago Police Department

14. Bar Any Evidence or Argument Regarding a "Code of Silence"

15. Bar Any Argument Shifting the Burden of Proof to Defendants

16. Bar Any Evidence or Argument Regarding Whether Any Defendant Ever Reported Misconduct

17. Bar Any Testimony from Any Non-Party Witness Regarding Their Feelings at the Time of and Following Plaintiff's Arrest

11. *Voir Dire Questions.*

a. Agreed-upon questions:

1. Do you have any relatives or close friends that work in law enforcement?

2. Do you have any relatives or close friends that work for the City of Chicago?

3. What is your primary source of news?

4. Are you interested in news coverage about the Chicago Police Department or other law enforcement agencies?

5.    Do you have an opinion or impression of police in general, or Chicago Police in particular?

6.    Have you ever lived in the City of Chicago?

7.    Have you ever attended a community policing, or CAPS meeting?

8.    Have you or do you know if a member of your family or a friend has ever had to call the police for help? In these circumstances, do you believe the police responded in a professional and appropriate manner?

9.    Have you or has a family member or friend ever had any positive or negative experiences with police? If yes, were any of these experiences involving the Chicago Police Department? Did you discuss the experience with your friend or family member?

10.   Do you have any opinions about how the media portrays the Chicago Police Department?

11.   If you use social media, do you follow any particular groups or organizations on Facebook, Instagram, etc.? Which ones?

12.   Do you have any opinions about civil lawsuits or monetary damages, either pro or con?

13.   Is there anything that you believe could affect your ability to be fair and impartial to all parties in this case that I have not asked you about?

14.   Do you have a negative opinion about the City of Chicago or any municipality?

15.   Do you know of anyone who is a police officer? Who?

16.   Can you follow the law that the court will give you even if you personally disagree with it?

17.   Would you want someone like yourself on a jury if you were a plaintiff or defendant in a lawsuit?

b. Defendants' proposed questions to which there is an objection:

1.    Are you aware of any negative opinions by a close friend or family member about the City of Chicago or any municipality?

**Plaintiff's Objection:** Irrelevant. An awareness of another person's opinions does not inform the court as to the potential juror's opinions.

2.     Have you, a family member or a close friend ever been arrested?

**Plaintiff's Objection:** Irrelevant and harassing.

3.     Is there anyone that has a problem with the concept that the plaintiff is the only one with the burden of proof in this case?

**Plaintiff's Objection:** Argumentative. They will be instructed by the Court regarding the burden of proof. Duplicative of agreed question 16 regarding willingness to follow the law even if they disagree.

4.     Is there anyone that will be unable to hold the plaintiff to prove his burden of proof?

**Plaintiff's Objection:** Argumentative. They will be instructed by the Court regarding the burden of proof. Duplicative of agreed question 16 regarding willingness to follow the law even if they disagree.

5.     Do you believe that just because someone filed a lawsuit that they are entitled to money?

**Plaintiff's Objection:** Argumentative. They will be instructed by the Court regarding when damages may be awarded. Duplicative of agreed question 16 regarding willingness to follow the law even if they disagree.

12.     *Jury Instructions / Verdict Forms.*  The parties' agreed jury instructions and disputed proposed jury instructions are attached.

BY: /s/Garrett Browne

Attorney for Plaintiff

Ed Fox & Associates, Ltd.
300 W. Adams, Suite 330
Chicago, IL 60606
312-345-8877

**Defendants**

BY: _/s/ Caroline Fronczak_
_/s/ Iris Y. Chavira_
_/s/ Mark Winistorfer_
Attorney for Defendants
City of Chicago, Department of Law
30 N. LaSalle, Suite 900
Chicago, Illinois 60602
312.744.9602

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wade Rankins,                     ) | |
|                            ) | |
|      Plaintiff,             ) | Case No.: 17 cv 741 |

Wade Rankins,            )

                          )

     Plaintiff,          )     Case No.: 17 cv 741

                          )

     v.                   )

                          )

City of Chicago, Chicago Police Sergeant   )

Michael Poppish, Star No. 1109, and     )     **JUDGE CHANG**

Chicago Police Officers, Dennis Lanning,  )

Star No. 11945, and Daniel Passarelli,    )

Star No. 11574,              )

                          )

     Defendants.         )

                          )

## PLAINTIFF'S EXHIBIT LIST

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| 1 | | Satellite image of location of arrest | Provides view of where incident occurred | No objection. |
| 2 | | Photograph of Area of Arrest | Depicts area where events occurred | No objection. |
| 3 | | Photograph of Area of Arrest | Depicts area where events occurred | No objection. |
| 4 | | Photograph of Area of Arrest | Depicts area where events occurred | No objection. |
| 5 | | Photograph of Area of Arrest | Depicts area where events occurred | No objection. |
| 6 | | Photograph of Area of Arrest | Depicts area where events occurred | Foundation. Does not accurately depict the area at the time of the incident. Prejudice (FRE 403). |
| 7 | | Photograph of Area of Arrest | Depicts area where events occurred | No objection. |
| 8 | | Photograph of Area of Arrest | Depicts area where events occurred | Foundation. Does not accurately depict the area where the firearm was recovered at the time of the incident. Prejudice (FRE 403). |

| 9 | | Firearm Receipt and Worksheet | Documents condition of gun | Foundation; Relevance (FRE 401, 403); Hearsay (FRE 801, 802) No objection if used for purpose of refreshing recollection and/or impeachment. |
|---|---|---|---|---|
| 10 | 07/26/16 | FCRL 000126 – Notes of Tara Pease-Harkin | Documenting which police officers were present in court for Plaintiff's trial | Foundation; Relevance (FRE 401, 403); Hearsay (FRE 801, 802) No objection if used for purpose of refreshing recollection and/or impeachment. |
| 11 | | FCRL000131-7 – Seven criminal counts against Plaintiff (redacted) | Solely for Purpose of Refreshing Recollection | Foundation. |
| 12 | | FCRL 000144 – Notes of Tara Pease-Harkin | Documenting her understanding of results of Plaintiff's criminal trial | Foundation; Relevance (FRE 401, 403); Hearsay (FRE 801, 802) No objection if used for purpose of refreshing recollection and/or impeachment. |
| 13 | | FCRL 000015-19Arrest Report | For purpose of refreshing recollection and/or impeachment | No objection. |
| 14 | | FCRL 00001-3 Original Case Incident Report | For purpose of refreshing recollection and/or impeachment | No objection. |
| 15 | | FCRL 00006-11 Case Supplementary Report authored by Detective Svec | For purpose of refreshing recollection and/or impeachment | No objection. |
| 16 | | FCRL 000041 General Progress Report of Detective Svec | For purpose of refreshing recollection and/or impeachment | No objection. |
| 17 | | FCRL 000168 Property Recovery Form | Record of what was in Plaintiff's possession at time of | Foundation; Relevance (FRE 401, 403); Hearsay (FRE 801, |

| | | | | |
|---|---|---|---|---|
| | | | arrest | 802) |
| 18 | | FCRL 000340 CRIMES IR Summary Sheet | Documents conversation between Detective Svec and ASA Leahy | Foundation; Relevance (FRE 401, 403); Hearsay (FRE 801, 802) No objection if used for purpose of refreshing recollection and/or impeachment. |
| 19 | | FCRL 000596 Grand Jury True Bill | Lists witness that testified at Grand Jury | Foundation. No objection if used for purpose of refreshing recollection and/or impeachment. |
| 20 | | Deposition transcript of Michael Poppish | For purpose of refreshing recollection and/or impeachment | No objection. |
| 21 | | Deposition transcript of Dennis Lanning | For purpose of refreshing recollection and/or impeachment | No objection. |
| 22 | | Deposition transcript of Daniel Passarelli | For purpose of refreshing recollection and/or impeachment | No objection. |
| 23 | | Deposition transcript of Pamela Schaffrath | For purpose of refreshing recollection and/or impeachment | No objection. |
| 24 | | Deposition transcript of Beth Svec | For purpose of refreshing recollection and/or impeachment | No objection. |
| 25 | | Deposition transcript of Laura Leahy | For purpose of refreshing recollection and/or impeachment | No objection. |
| 26 | | Deposition transcript of Tara Pease Harkin | For purpose of refreshing recollection and/or impeachment | No objection. |
| 27 | | Deposition transcript of Larita Warmak | For purpose of refreshing | No objection. |

| | | | | |
|---|---|---|---|---|
| | | | recollection and/or impeachment | |
| 28 | | Deposition transcript of Khadijra Williams | For purpose of refreshing recollection and/or impeachment | No objection. |
| 29 | | Deposition transcript of Brandie Hill | For purpose of refreshing recollection and/or impeachment | No objection. |
| 30 | | Transcript of Plaintiff's criminal trial | For purpose of refreshing recollection and/or impeachment | No objection. |

s/Garrett W. Browne
Garrett W. Browne

ED FOX & ASSOCIATES, Ltd.
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
gbrowne@efoxlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wade Rankins, ) | |
| ) | |
| Plaintiff, ) | Case No.: 17 CV 741 |
| ) | |
| v. ) | |
| ) | **JUDGE CHANG** |
| City of Chicago, Chicago Police Sergeant ) | |
| Michael Poppish, Star No. 1109, and ) | |
| Chicago Police Officers, Dennis Lanning, ) | |
| Star No. 11945, and Daniel Passarelli, ) | |
| Star No. 11574, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' EXHIBIT LIST**

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| 1 | | Map / Diagram of area around 61st and Union | For demonstrative purposes only. | Reserve right to object until given an opportunity to view this exhibit. |
| 2 | | Colt Python .357 Magnum S/N: E81036 Inventoried under No. 13501986 | This is the firearm Plaintiff was in possession of and subsequently charged with. | This document is inadmissible hearsay. Plaintiff objects to introduction of the actual gun that was recovered and cleaned/altered by Chicago Police Department personnel as misleading and unduly prejudicial. Fed. R. Evid Rule 403 |
| 3 | | Photographs of Colt Python .357 Magnum | These are photographs of the firearm Plaintiff was in possession of and subsequently charged with. | This exhibit was never produced to Plaintiff. Additionally Photographs taken years after the gun was recovered and cleaned/altered by Chicago Police Department personnel |

| | | | | |
|---|---|---|---|---|
| | | | | are misleading and unduly prejudicial. Fed. R. Evid Rule 403 |
| 4 | August 8, 2015 | Grand Jury Indictment FCRL 000131-137 | For purpose of refreshing recollection and/or impeachment. | An indictment is not a conviction admissible under Fed. R. Evid Rule 609 (a)(1); Any probative value to referencing specific prior convictions is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 5 | | Certified Statement of Disposition, Case No. 00CR29002101 FCRL 000874-876 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | This exhibit was not produced during discovery and therefore must barred; The conviction at issue is more than ten years old, and Defendants did not give written notice of an intention to admit a conviction more than 10 years old as required by Fed. R. Evid. 609(b); Any probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 6 | | Certified Statement of Disposition, Case No. 07CR078002 FCRL 000882-885 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | This exhibit was not produced during discovery and therefore must be barred; The conviction at issue is more than ten years old, and Defendants did not give written notice of an intention to admit a conviction more than 10 years old as required by Fed. R. Evid. 609(b); Any probative value is outweighed by the danger of unfair |

| | | | | prejudice. Fed. R. Evid 403 |
|---|---|---|---|---|
| 7 | | Certified Statement of Disposition, Case No. 12CR1502001 FCRL 000119-120 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | Any probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 8 | | Certified Statement of Disposition, Case No. 12CR1501901 FCRL 000117-118 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | Any probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 9 | | Certified Statement of Disposition, Case No. 05CR2376801 FCRL 000879-881 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | This exhibit was not produced during discovery and therefore must be barred. The conviction at issue is more than ten years old, and Defendants did not give written notice of an intention to admit a conviction more than 10 years old as required by Fed. R. Evid. 609(b); Any probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 10 | | Certified Statement of Disposition, Case No. 01CR1050601 FCRL 000877-878 | To impeach Plaintiff's credibility pursuant to Fed. R. Evid. 609(a)(1), and to prove motive and/or intent under 404(b) | This exhibit was not produced during discovery and therefore must be barred. The conviction at issue is more than ten years old, and Defendants did not give written notice of an intention to admit a conviction more than 10 years old as required by Fed. R. Evid. 609(b); Any probative |

| | | | | |
|---|---|---|---|---|
| | | | | value is outweighed by the danger of unfair prejudice. Fed. R. Evid 403 |
| 11 | | Arrest Report FCRL 00043-47 | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 12 | | Original Case Incident Report FCRL 00001-3 | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 13 | | Case Supplementary Report authored by Detective Svec FCRL 00050-55 | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 14 | | General Progress Report of Detective Svec FCRL 00041 | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 15 | | Firearm Receipt and Worksheet FCRL 000152 | For purpose of refreshing recollection and/or impeachment. | No objection to use for this purpose |
| 16 | | Inventory Report No. 13501986 FCRL 00092 | For purpose of refreshing recollection and/or impeachment. | No objection to use for this purpose |
| 17 | | Deposition transcript of Michael Poppish | For purpose of refreshing recollection | No objection to use for this purpose |
| 18 | | Deposition transcript of Dennis Lanning | For purpose of refreshing recollection | No objection to use for this purpose |
| 19 | | Deposition transcript of Daniel Passarelli | For purpose of refreshing recollection | No objection to use for this purpose |
| 20 | | Deposition transcript of Pamela Schaffrath | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 21 | | Deposition transcript of Beth Svec | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 22 | | Deposition transcript | For purpose of | No objection to use for |

| | | | | |
|---|---|---|---|---|
| | | of Laura Leahy | refreshing recollection and/or impeachment | this purpose |
| 23 | | Deposition transcript of Tara Pease Harkin | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 24 | | Deposition transcript of Larita Warmak | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 25 | | Deposition transcript of Khadijra Williams | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 26 | | Deposition transcript of Brandie Hill | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 27 | | Transcript of Plaintiff's criminal trial | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 28 | | Plaintiff's Answers to Defendants' Interrogatories to Plaintiff | For purpose of refreshing recollection and/or impeachment | No objection to use for this purpose |
| 29 | | Plaintiff's Answers to Defendants' Requests for Production to Plaintiff | For purpose of refreshing recollection and/or impeachment | Responses to Rule 34 Requests for Production are not proper impeachment material. |

## AGREED INSTRUCTION NO.1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, or fear to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Pattern Jury Instructions (civil) 1.01**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.2

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Seventh Circuit Pattern Jury Instructions (civil) 1.02**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.3**

      The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true. You must accept those facts as proved.

**Seventh Circuit Pattern Jury Instructions (civil) 1.04**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.4

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Pattern Jury Instructions (civil) 1.06**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.5**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Pattern Jury Instructions (civil) 1.07**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Seventh Circuit Pattern Jury Instructions (civil) 1.08**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.7

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Seventh Circuit Pattern Jury Instructions (civil) 1.11**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.8

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Pattern Jury Instructions (civil) 1.12**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.9

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Pattern Jury Instructions (civil) 1.13**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.10

It is proper for a lawyer to meet with any witness in preparation for trial.

**Seventh Circuit Pattern Jury Instructions (civil) 1.16**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.11

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Pattern Jury Instructions (civil) 1.17**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.12

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Pattern Jury Instructions (civil) 1.18**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.13**

**DEMONSTRATIVE EXHIBITS**

Certain photographs have been shown to you. Those photographs are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source: Seventh Circuit Pattern Jury Instructions (civil) 1.24**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.14**

**MULTIPLE CLAIMS;**
**MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

**Source: Seventh Circuit Pattern Jury Instructions (civil) 1.25**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.15**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Pattern Jury Instructions (civil) 1.27**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO. 16**

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Source: Seventh Circuit Pattern Jury Instructions (civil) 2.14**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.17

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of his false arrest or malicious prosecution.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The mental and emotional pain and suffering or loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

**Seventh Circuit Pattern Jury Instructions (civil) 7.26**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO.18

  Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

[Forms of verdict read.]

  Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, the appropriate form, and all of you will sign it.

**Seventh Circuit Pattern Jury Instructions (civil) 1.32**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO. 19

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Pattern Jury Instructions (civil) 1.34**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO.20**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Seventh Circuit Pattern Jury Instructions (civil) 1.33**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO. 21**

**CAUTIONARY INSTRUCTION BEFORE RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Source: Seventh Circuit Pattern Jury Instructions (civil) 2.01**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO. 22**

You may consider statements given by the parties and witnesses under oath before trial as evidence of the truth of what he/she said in the earlier statements, as well in deciding what weight to give his/her testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Seventh Circuit Pattern Jury Instructions (civil) 1.14 (modified)**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO. 23

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

**Seventh Circuit Pattern Jury Instructions (civil) 1.31**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO. 24**

Plaintiff must prove by a preponderance of the evidence that Michael Poppish, Dennis Lanning, and/or Daniel Passarelli was personally involved in the conduct that Plaintiff complains about.  You may not hold the Michael Poppish, Dennis Lanning, and/or Daniel Passarelli liable for what others did or did not do.

**Seventh Circuit Pattern Jury Instructions (civil) 7.02**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED INSTRUCTION NO. 25

"Malice" for purposes of Plaintiff's malicious prosecution claim means the commencing, causing the commencing, or the continuing of a prosecution for any reason other than to bring a party to justice. It does not necessarily mean personal ill-will, spite, or hatred toward the person prosecuted, but rather, that the person causing criminal charges to be brought or continued was motivated by improper motives.

**Given Instruction in *Crawford v. City of Chicago*, 12cv5289 (J. Lee) ECF NO. 99, p. 15 of 30.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**AGREED INSTRUCTION NO. 26**

You must not award compensatory damages more than once for the same injury. For example, if Plaintiff prevails on two claims, and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. Plaintiff is only entitled to be made whole once, and may not recover more than he has lost. If different injuries are attributed to the separate claims, then you must compensate Plaintiff fully for all his injuries.

**Fifth Circuit Pattern Jury Inst. 15.14 (1998)**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**PLAINTIFF'S INSTRUCTION NO. 1**
**FOURTH AMENDMENT: FALSE ARREST – ELEMENTS**

Plaintiff claims that Defendants falsely arrested him. To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

    1. Defendants did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

Source: Seventh Circuit Pattern Jury Instructions (civil) 7.07

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**Defendants object to this instruction as given. There are three defendants, therefore, elements 1 and 2 from the pattern instruction 7.07 should be given. See Defendants' instruction no. 6**

## PLAINTIFF'S INSTRUCTION NO. 2
## FOURTH AMENDMENT: FALSE ARREST - DEFINITION OF "PROBABLE CAUSE"

Probable cause for an arrest exists if, at the moment the arrest was made, a reasonable person in Defendants' position would have believed that Plaintiff was committing a crime. In making this decision, you should consider what Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was later acquitted does not by itself mean that there was no probable cause at the time of his arrest.

*Source: Seventh Circuit Pattern Jury Instructions (civil) 7.08*

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**Defendants object to this instruction as given as it omits the crime at issue as required in the instruction.  See Defendants instruction no. 7.**

## PLAINTIFF'S INSTRUCTION NO. 3
## MALICIOUS PROSECUTION

Plaintiff claims Defendants caused him to be subjected to a malicious prosecution. In order for Plaintiff to prevail on this claim, he must prove each of the following propositions by a preponderance of the evidence:

1,      Defendants caused the commencement or continuance of a criminal prosecution against plaintiff;

2.      There was no probable cause for criminal proceeding against plaintiff;

3.      The defendants acted with malice;

4.      The criminal prosecution against plaintiff terminated in his favor; and

5.      Plaintiff was damaged as a result of the attempted prosecution.

If you find that Plaintiff has proved all of these elements by a preponderance of the evidence, then you should find in favor of Plaintiff.

If, on the other hand, you find that Plaintiff has failed to prove any one of these elements by a preponderance of the evidence, then you should find in favor of the defendants.

*Jenetka v. Dabe*, 892 F.2d 187, 190 (2nd Cir. 1989); Trusty v. McCall, 1999 WL 787628 at *2 (N.D.Ill. 1999); *Salley v. Schmitz,* 1995 WL 143554, at *1-2 (N.D.Il. 1995); *Cavazoa v. Voorhies*, 2002 WL 31017492, *7 (N.D.Ill. 2002); *Fabiano v. City of Palos Hills*, 336 Ill.App.3d. 635, 641 (2002).


GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**Defendants object to this instruction as it is not a complete statement of the law. Specifically, the element of "indicative of innocence" is omitted.  Further the criminal charges placed against Plaintiff are not articulated in Plaintiff's instruction.   See defendants' instruction no. 10**

## PLAINTIFF'S INSTRUCTION NO. 4

When considering a claim of malicious prosecution "probable cause" exists if there is a set of facts that would lead a reasonable person to believe that a person committed a criminal offense.

*Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill.App.3d 30, 43, 684 N.E. 2d 935, 944 (1997);
*Freides v. Sani-Mode Mfg.Co.,* 33 Ill.2d 291 295-296,211 N.E.2d 286,288-289 (1965)

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

**Defendants object to this instruction because it fails to instruct the jury that probable cause can be determined at the point in time that an arrest is made and also at the point in time when the plaintiff is charged and that more information may be available to the officers at the time the criminal charges are placed against Plaintiff. See Defendants' Proposed instruction no. 11.**

## DEFENDANTS' INSTRUCTION NO. 1

You will recall that during the course of the trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted. Specifically, you heard evidence that the plaintiff, Wade Rankins, has previously been convicted. The convictions are relevant for only three purposes:

1.  You may consider the two 2012 felony convictions on the issue of Mr. Rankins' credibility;

2.  You may consider the fact that Mr. Rankins was on parole at the time of the arrest in this case on the issue of whether Mr. Rankins had a reason to avoid being arrested with a firearm on August 8, 2015; and

3.  You may consider Mr. Rankins prior felony convictions, and time spent incarcerated for those convictions in assessing damages, if any, for the time spent in custody by Mr. Rankins on this case.

You must *not* consider the convictions for any other purpose than those purposes, and remember you must consider *all* the evidence in the case in deciding what the facts are.

**Seventh Circuit Pattern Jury Instructions (civil) 1.09 (modified)**

**Plaintiff objects. Plaintiff's motions in limine seek to exclude from evidence all reference to plaintiff's convictions and therefore his incarceration and parole.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 2

Defendants Michael Poppish, Dennis Lanning, and Daniel Passarelli are being sued as individuals. Neither the City of Chicago nor the Chicago police department is a party to this lawsuit.

**Seventh Circuit Pattern Jury Instructions (civil) 7.01**

**Plaintiff objects. The City of Chicago is a party to this lawsuit. Specifically, it is a**

**defendant to Plaintiff's claim for Malicious prosecution. Accordingly, it would be**

**improper to give this instruction to the jury.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 3

Plaintiff claims that Defendants Michael Poppish, Dennis Lanning, and Daniel Passarelli falsely arrested him.  To succeed in this claim, Plaintiff must prove each of the following two things by a preponderance of the evidence.

1.  The defendant you are considering arrested Plaintiff.

2.  The defendant you are considering did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant, and you will not consider the question of damages.

**Seventh Circuit Pattern Jury Instructions (civil) 7.07**

**Plaintiff objects.  Plaintiff agrees that the defendants are entitled to be considered separately, and they will be so instructed. This proposed instruction's use of the phrase "the defendant you are considering" is awkward and may confuse the jury.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 4

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in Defendants' position would have believed that Plaintiff has committed a crime.  In making this decision, you should consider what Defendants knew and the reasonably trustworthy information that Defendants received.

Probable cause requires more than just a suspicion. But, it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was later acquitted of the charges against him - Armed Habitual Criminal, Unlawful Use of a Weapon by a Convicted Felon, and Aggravated Unlawful Use of Weapon - does not by itself mean that there was no probable cause at the time of his arrest.

**Seventh Circuit Pattern Jury Instructions (civil) 7.08**

**Plaintiff objects.  It is prejudicial and unnecessary to include three separate charges in the instruction – especially charges that refer to Plaintiff's prior convictions that are the subject of Plaintiff's motions in limine.  It is unnecessary because all the charges are based on whether Plaintiff was in possession of a gun.  It is undisputed that it would have been illegal for Plaintiff to possess the gun and that is all the jury needs to know.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 5

A person commits the crime of Armed Habitual Criminal if he knowingly or intentionally possessed a firearm, after having been convicted of two or more felony offenses of the Illinois Controlled Substances Act.
**720 ILCS 5/24-1.7(a)(3)**

**Plaintiff objects. This instruction seeks to inform the Jury about prior felony convictions of the Plaintiff that Plaintiff is seeking to exclude in motions in limine. Additionally instructing the jury about the specifics of the criminal statutes is unnecessary and prejudicial. All of the criminal charges hinge on whether Plaintiff actually possessed a firearm as claimed by Defendants. It is undisputed that it was illegal for Plaintiff to possess a firearm.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 6

A person commits the offense of Unlawful Use of a Weapon by a Felon if he knowingly possessed on or about his person any firearm and/or ammunition after having been previously convicted of a felony.
**720 ILCS 5/24-1.1(a)**

**Plaintiff objects. This instruction seeks to inform the Jury about prior felony convictions of the Plaintiff that Plaintiff is seeking to exclude in motions in limine. Additionally instructing the jury about the specifics of the criminal statutes is unnecessary and prejudicial. All of the criminal charges hinge on whether Plaintiff actually possessed a firearm as claimed by Defendants. It is undisputed that it was illegal for Plaintiff to possess a firearm.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 7

A person commits the offense of Aggravated Unlawful Use of a Weapon if he knowingly carried on or about his person, at a time when he was not on his own land, abode, or fixed place of business any firearm that was uncased, loaded, and immediately accessible, and also had not been issued a Firearm Owners Identification Card or valid license under the Firearm Concealed Carry Act at the time of the offense.
**720 ILCS 5/24-1.6**

**Plaintiff objects. Instructing the jury about the specifics of the criminal statutes is unnecessary and prejudicial. All of the criminal charges hinge on whether Plaintiff actually possessed a firearm as claimed by Defendants. It is undisputed that it was illegal for Plaintiff to possess a firearm.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 8

In this case, Plaintiff claims that Defendants Michael Poppish, Dennis Lanning, and Daniel Passarelli maliciously prosecuted him for the crime of Aggravated Unlawful use of a weapon, Armed Habitual Criminal, and Unlawful Use of a Weapon by a Felon. To establish this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence.

1. Defendant Michael Poppish, Dennis Lanning, and/or Daniel Passarelli caused the commencement of, or continued the criminal prosecution against Plaintiff;

2. Defendant Michael Poppish, Dennis Lanning, and/or Daniel Passarelli lacked probable cause to commence, cause the commencement of, or continue the prosecution;

3. Defendant Michael Poppish, Dennis Lanning, and/or Daniel Passarelli acted with malice in commencing, causing the commencement of, or continuing the criminal proceeding;

4. The criminal proceeding was terminated in Plaintiff's favor, in a manner indicative of innocence; and

5. Plaintiff was damaged by the proceeding.

If you find that Plaintiff has proved each of these things, then you should find for Plaintiff and against Defendant Michael Poppish, Dennis Lanning, and/or Daniel Passarelli, and go on to consider the question of damages as to this claim.

If, on the other hand, you find that Plaintiff has not proved any of these things, then you should find for Defendant Michael Poppish, Dennis Lanning, and/or Daniel Passarelli and against Plaintiff, and you will not consider the question of damages as to this claim.

**Given Instruction in *Crawford v. City of Chicago*, 12cv5289 (J. Lee) ECF NO. 99, p. 13 of 30.**

**Plaintiff objects. Plaintiff's proposed instruction on the elements of a malicious prosecution claim is an accurate statement of the law. Defendants' attempt to add an additional element of "in a manner indicative of innocence" is improper and undefined.**

**There is no factual basis for including the issue of "indicative of innocence" in this trial. It is undisputed that Plaintiff was found not guilty of all criminal charges. Termination is not" indicative of innocence" only if the dismissal of criminal charges was "the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial." *Swick v. Liataud*, 215 Ill.Dec. 98, 662 N.E.2d at 1243 (1996); *see Horan v. City of Chicago*, 2010 WL 2836729, at \*8 (N.D.Ill. July 16, 2010)("criminal proceeding was not terminated in a manner that indicated plaintiffs innocence [where] the narcotics found in plaintiff's apartment were discovered during an improper search and could not be used as evidence against plaintiff"). But "[w]here the disposition is indicative of a lack of probable cause to bring the earlier case, it will constitute a 'favorable termination' for purposes of asserting a malicious prosecution claim." *Velez v. Avis Rent A Car System, Inc.*, 242 Ill.Dec. 373, 721 N.E.2d at 656 (1999).**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 9

      Let me explain was "probable cause" means for Plaintiff's malicious prosecution claim. Probable cause is a set of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest or strong suspicion, that the person arrested committed the offense charged.  It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused that is at issue.  A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge.  It is not necessary to verify the correctness of each item of information so obtained; it is sufficient to act with reasonable prudence and caution. The fact that Wade Rankins was acquitted does not mean that there was no probable cause at the time of the commencement or continuation of the criminal proceeding.

**Given Instruction in *Crawford v. City of Chicago*, 12cv5289 (J. Lee) ECF NO. 99, p. 14 of 30.**


**Plaintiff objects. Plaintiff's proposed instruction on the definition of probable cause for a malicious prosecution claim is a correct statement of the law. Defendants' proposed instruction is not proper given the facts in this case. The prosecution of Plaintiff was based solely on Defendants' own claim that they personally saw Plaintiff possess a gun.  Thus, there is no factual basis for including language about a "strong suspicion," "information from other persons," or "verifying the correctness of each item of information obtained."**


GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 10

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Seventh Circuit Pattern Jury Instructions (civil) 7.28**

**Plaintiff objects to inclusion of Defendants' financial condition unless Defendants actually introduced this evidence at trial.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 11

You have heard evidence that witness _____ has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his/her testimony.

**Seventh Circuit Civil Pattern Jury Instr. 2.11**

**Plaintiff objects. Plaintiff has filed a motion in limine seeking to exclude evidence that any witness was convicted of a crime. Additionally, Defendants have never disclosed any such evidence during discovery and have not identified any such evidence as a trial exhibit.**

GIVEN:_____

REFUSED:_____

GIVEN AS MODIFIED:_____

## AGREED PROPOSED VERDICT FORM

We, the Jury, find as to each of the claims of Plaintiff, Wade Rankins, in this case as follows:

### SECTION I – LIABILITY

**For each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

**I.      UNREASONABLE SEIZURE**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Poppish | _____ | _____ |
| as to Defendant Lanning | _____ | _____ |
| as to Defendant Passarelli | _____ | _____ |

**II.      MALICIOUS PROSECUTION**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Poppish | _____ | _____ |
| as to Defendant Lanning | _____ | _____ |
| as to Defendant Passarelli | _____ | _____ |

### SECTION II – COMPENSATORY DAMAGES

Please complete the following section only if any of the above findings in Section I are in favor of Plaintiff. If all of the above findings in Section I are in favor of Defendants, please skip Section II and sign and date this form.

**Compensatory Damages:**

We find Plaintiff Wade Rankins' compensatory damages to be:

$_____

## SECTION III – PUNITIVE DAMAGES

Please complete the following section only if you assess punitive damages against one or more of the following Defendants. If all of the above findings in Section I are in favor of Defendants, please skip Section III and sign and date this form.

Punitive Damages:

A. Do you award Plaintiff Wade Rankins punitive damages against Defendant Michael Poppish?

YES _____ NO _____

If yes, in what amount?

$ _____

B. Do you award Plaintiff Wade Rankins punitive damages against Defendant Dennis Lanning?

YES _____ NO _____

If yes, in what amount?

$ _____

C. Do you award Plaintiff Wade Rankins punitive damages against Defendant Daniel Passarelli?

YES _____ NO _____

If yes, in what amount?

$ _____

Please sign and date below and return the entire Verdict Form to the U.S. Marshal (Each Juror must sign the form).

Date: _____

_____     _____
Foreperson                                              Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror